# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIZ VALENCIA-MENDOZA, | Civil No. 06CV2284-J <br> Crim No. 98CR0088-J |
| Petitioner, | **ORDER DISMISSING PETITIONER'S SECTION 2241 HABEAS PETITION WITHOUT PREJUDICE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On January 12, 1998, this Court sentenced Petitioner Jose Luiz Valencia-Mendoza ("Petitioner") to 199 months in custody and five years supervised release for conspiracy to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 846 . [No. 98CR0088, Doc. No. 2.] On October 10, 2006, Petitioner filed a motion in this Court entitled "Petition by the Great Writ in Accordance with Article I, § 9, Paragraph 2." [No. 06CV2284, Doc. No. 1.] For purposes of ascertaining the correct fee, the Court construed Petitioner's motion as a habeas petition under 28 U.S.C. § 2241. [No. 06CV2284, Doc. No. 2.]  On November 7, 2006, Petitioner paid the filing fee.  For the reasons stated below, the Court **DISMISSES** Petitioner's Petition without prejudice.

Before filing the instant Petition, Petitioner filed a document in this Court entitled "Request for Court Order Directing BOP to Credit Defendant's Sentence with All Time Spent in Pre-trial Custody to Reflect Concurrent Sentence Ordered By This Court." [No. 05CV2174, Doc. No. 10.] The Court found that the document could be construed as a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2255 because Petitioner was challenging the duration of his sentence. [No. 98CR0088, Doc. No. 13.] Pursuant to *United States v. Seesing*, 234 F.3d 456, 463-64 (9th Cir. 2000), the Court issued an Order notifying Petitioner about his options and informing Petitioner of the consequences of choosing these options. (*See* Order at 3-4.) The Court cautioned Petitioner that if he elected to file a § 2255 motion, it would be subject to a one-year statute of limitations. (*See id.* at 4.) Petitioner filed a document stating that he opted to withdraw his motion and "file a complete habeas corpus" at a later date. [No. 98CR0088, Doc. No. 15.] Petitioner subsequently filed the instant Petition, stating that he chose to file a general writ of habeas corpus rather than a § 2255 motion because of the Court's "warning" regarding the statute of limitations. (*See* Pet. at 1.)

A § 2241 motion must be filed in the district where the petitioner is in custody. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). When Petitioner filed the instant Petition, he was being held in the United States Penitentiary in Lompoc, California, located in the Central District of California. Because the Court thus lacks jurisdiction over the instant motion, the Court **DISMISSES** Petitioner's § 2241 Petition without prejudice.

**IT IS SO ORDERED**.

DATED: December 12, 2006

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   All Parties